In the Matter of VERNITA NUEY, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 21, 1984

#### APPEARANCES OF COUNSEL

*Alan S. Phillips* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Lennox S. Hinds* and *Aaron Frishberg* of counsel (*Stevens, Hinds & White, P. C.,* and *Saul Friedberg,* attorneys), for respondent.

#### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to practice as an attorney in the Second Department in 1977. During the period relevant to these proceedings, she maintained an office within the First Judicial Department.

Respondent has been charged by petitioner with dishonesty, deceit and misrepresentation for failing to maintain an attorney's special account, commingling a client's funds with her own, converting the client's funds to her own use, and failing to account to the client. Respondent had been retained in connection with a claim for first-party no-fault benefits for personal injuries sustained by the client in an automobile accident. Respondent negotiated a settlement with the insurer for $5,192, in the form of a check made payable to the client.

Petitioner charged respondent with indorsing or having the check indorsed over to her and then depositing it in a nonsegregated bank account, later misrepresenting the amount of the settlement to the client and giving him her personal check for $500 as final settlement. Respondent was also charged with giving false testimony under oath before petitioner in the course of the latter's investigation.

Respondent averred that the client had indorsed the check over to her, in return for which she gave the client her personal check for $500 plus $2,000 cash, keeping the balance as her fee. Evidence produced at the hearing included the insurer's check purportedly bearing the client's signature indorsement, and a receipt for the $2,000 in cash, also bearing the purported signature of the client. Handwriting experts testified at the hearing as to the genuineness of these signatures. Respondent's expert, Lillian Newman, stated that the two questioned signatures had been written by the client. Petitioner's expert, Paul A. Osborn, was convinced that the two questioned signatures had not been written by the client.

The hearing panel found that respondent had "signed, or caused to be signed" both of the questioned signatures of her client, without his knowledge or authorization, thus facilitating her conversion of all but $500 of the settlement money. Some of this money was to be exacted as respondent's fee, which was never itemized to the panel's satisfaction, and the rest was to have been held in trust for her client. The panel concluded that respondent was guilty of conversion, commingling, failure to account, and dishonest, deceitful and misrepresentative conduct, all in violation of disciplinary rules of the ABA Code of Professional

Responsibility; failure to maintain an attorney's special bank account, in violation of section 603.15 (a) of the rules of this court (22 NYCRR 603.15 [a]); and testifying falsely under oath before the Departmental Disciplinary Committee during the course of this investigation.

■ After thorough review of the record, including the testimony and all the documentary evidence, we concur in the hearing panel's findings of fact and conclusions of law.

■ Respondent's request that this matter now be referred to "a referee, justice or judge" for hearings, in accordance with our rules (22 NYCRR 603.4 [d]), is denied. Such a referral is discretionary on the part of this court, as an alternative to a record created in hearings before the Departmental Disciplinary Committee (22 NYCRR 603.4 [c], [d]; 603.5 [b]). We are satisfied that the lengthy record of proceedings before the Departmental Disciplinary Committee's hearing panel, together with the voluminous documentary evidence, constitute a sufficient record on which this court can base its decision without any additional referrals. We further reject any allegation, raised at the very conclusion of the proceedings, after the hearing panel had announced its decision and recommendation, that there was any discrimination against respondent at any point in these proceedings, on the basis of race, sex or economic status. Our careful review of the record reveals that the hearing was conducted in a fair manner which comported with our rules and accepted standards for the investigation of disciplinary matters. There is absolutely no basis in the record for this allegation of discrimination.

■ The charges of converting funds held in trust for a client, and giving false testimony during the course of disciplinary hearings, are sustained by this record. Such grave misconduct warrants disbarment. Accordingly, the petition to adopt the recommendation of the hearing panel that respondent be disbarred should be granted, and respondent's name should be stricken from the roll of attorneys authorized to practice in this State.

MURPHY, P. J., ASCH, FEIN, MILONAS and KASSAL, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors at law in the State of New York, effective July 23, 1984.